UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GPGC LIMITED,<br><br>                Petitioner,<br>v.<br><br>THE GOVERNMENT OF THE<br>REPUBLIC OF GHANA,<br><br>                Respondent. | No. 1:24-cv-00169-JEB |

**PETITIONER GPGC LIMITED'S MOTION
FOR ENTRY OF JUDGMENT**

Petitioner GPGC Limited ("GPGC") respectfully moves the Court to enter a final judgment on the Court's order granting GPGC's petition to enforce an arbitral award against respondent The Government of the Republic of Ghana ("Ghana"). GPGC also requests that the judgment include the additional prejudgment interest that has accrued since GPGC filed its motion for a default judgment on June 7, 2024.

**I.    THE COURT SHOULD ENTER A FINAL JUDGMENT**

GPGC filed this arbitral enforcement proceeding to confirm its arbitral award against Ghana. Dkt. 1. "Confirmation is the process by which an arbitration award is converted to a legal judgment." *NextEra Energy Glob. Holdings B.V. v. Kingdom of Spain*, No. 23-7031, 2024 WL 3837484, at *5 (D.C. Cir. Aug. 16, 2024) (quoting *LLC SPC Stileks v. Republic of Moldova*, 985 F.3d 871, 875 (D.C. Cir. 2021)). "It is only once an award is confirmed that the prevailing party may seek to execute on the resulting judgment 'by, for example, attaching [the sovereign's] commercial assets in the United States.'" *Id.* The Federal Arbitration Act thus contemplates that, once the Court grants a petition to confirm an award, the Court will enter judgment consistent with

that confirmation order. *See* 9 U.S.C. §§ 13, 208 ("The judgment shall be docketed as if it was rendered in an action. The judgment so entered shall have the same force and effect, in all respects, as . . . a judgment in an action.").

Reducing the award to judgment is a crucial prerequisite to invoking legal processes to collect the debt. A petitioner cannot begin efforts to attach or execute against sovereign property until "a reasonable period of time has elapsed following the entry of ***judgment***." 28 U.S.C. § 1610(c) (emphasis added). Execution and attachment procedures generally apply only to a judgment. *See* Fed. R. Civ. P. 69(a); D.C. Code §§ 15-301 *et seq.*; N.Y. C.P.L.R. §§ 5201 *et seq.* A judgment is also necessary before a petitioner can register the confirmation decision for enforcement in other districts. 28 U.S.C. § 1963.

In this case, the Court issued an opinion granting GPGC's petition to confirm the Award. Dkt. 17. The Court also issued a separate order consistent with that opinion. Dkt. 16. But it does not appear that this Court intended the order itself to be the judgment. The order is not denominated a "judgment," and the Court's Clerk has not noted the entry of judgment on the docket, as the Clerk ordinarily does when the Court enters a document intended to be a judgment. Accordingly, GPGC respectfully requests that the Court enter judgment (or direct the Clerk to enter judgment) consistent with its order granting the petition.

II.   **THE COURT SHOULD INCLUDE THE FULL AMOUNT OF PREJUDGMENT INTEREST DUE WHEN ENTERING JUDGMENT**

GPGC further requests that this Court include the full amount of prejudgment interest due when it enters judgment. "The primary purpose of prejudgment interest is 'to compensate the plaintiff for ***any*** delay in payment resulting from the litigation.'" *LLC SPC Stileks v. Republic of Moldova*, 985 F.3d 871, 881 (D.C. Cir. 2021) (emphasis added). Prejudgment interest should therefore be calculated through the entire period for which payment is delayed – *i.e.*, up to the date

2

the Court enters judgment, not merely the date the petitioner moves for the entry of judgment. *See, e.g.*, *LLC Komstroy v. Republic of Moldova*, No. 14-cv-01921, 2019 WL 3997385, at *14 (D.D.C. Aug. 23, 2019) (awarding prejudgment interest "between the date of the Award and the date of judgment"), *aff'd in part*, 985 F.3d 871 (D.C. Cir. 2021).

In this case, GPGC submitted calculations showing that a total of USD $111,493,828.92 was due, including prejudgment interest, as of June 7, 2024 – the date GPGC moved for a default judgment. Dkt. 15-3 at 1-4. GPGC's calculations also showed that USD $26,456.52 in additional interest would accrue each day after June 7, 2024. *Id.* GPGC requested a judgment that included those additional amounts. *See* Dkt. 15 (motion) at 2 (requesting that the Court "enter judgment in the form attached against Ghana for USD $111,493,828.92 plus USD $26,456.52 for each day that has elapsed between June 7, 2024, and the date of entry of judgment"); Dkt. 15 (memorandum) at 17 ("The claim calculation also shows additional interest that should be included in the judgment for each day that elapses between the date of the calculation and the date of entry of judgment.").[1]

In its August 6, 2024 opinion, this Court observed that "Petitioner requests that '[w]hen entering judgment, the Court should include interest **through the date of judgment**.'" Dkt. 17 at 12 (emphasis added). But the Court's opinion and order awarded only USD $111,493,828.92 – *i.e.*, the amount due as of the June 7, 2024 date of the motion, not the August 6, 2024 date of the Court's order. Dkt. 17 at 14; Dkt. 16. The two months between June 7 and August 6 represent more than $1.5 million in interest (*i.e.*, $26,456.52 × 60 days).

Accordingly, GPGC requests that, when this Court enters judgment, it include the full additional amount of interest due between June 7, 2024 and the date of entry of judgment. For

---

[1] Calculating the additional interest at USD $26,456.52 for each day slightly understates the total amount of interest over longer periods because it ignores the effect of compounding. But that difference is not material for the approximately two to three months at issue here.

example, if the Court enters judgment on August 23, 2024, the total amount of the judgment should be $111,493,828.92 + (\$26,456.52 \times 77 \text{ days}) = \text{USD } \$113,530,980.96$. A proposed form of judgment that includes the amount of interest due as of August 23, 2024 is attached. The Court should decrease or increase that amount if it enters judgment before or after that date.

Dated:   August 20, 2024
          Washington, D.C.

Respectfully submitted,

  /s/ Robert K. Kry

Sara Tofighbakhsh
(*pro hac vice*)
MOLO LAMKEN LLP
430 Park Avenue, 6th Floor
New York, New York  10022
(212) 607-8179
stofighbakhsh@mololamken.com

Robert K. Kry
D.C. Bar # 490545
MOLO LAMKEN LLP
The Watergate, Suite 500
600 New Hampshire Avenue, N.W.
Washington, D.C.  20037
(202) 556-2011
rkry@mololamken.com

*Attorneys for Petitioner GPGC Limited*

4

## **CERTIFICATE OF SERVICE**

I certify that on August 20, 2024, I caused this motion to be served on respondent by FedEx at the address listed below:

The Government of the Republic of Ghana
Hon. Shirley Ayorkor Botchwey
Minister for Foreign Affairs and Regional Integration
Ministry of Foreign Affairs and Regional Integration
Flat 5 Agostinho Neto Rd.
Accra, Ghana

    /s/ Robert K. Kry
Robert K. Kry