UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GPGC LIMITED,<br><br>                       Petitioner,<br>    v.<br><br>THE GOVERNMENT OF THE<br>REPUBLIC OF GHANA,<br><br>                       Respondent. | No. 1:24-cv-00169-JEB |

**DECLARATION OF ROBERT K. KRY**

ROBERT K. KRY declares as follows pursuant to 28 U.S.C. § 1746:

1.    I am a partner at MoloLamken LLP and a member in good standing of the bar of this Court. I represent the petitioner GPGC Limited in this arbitral enforcement proceeding. I submit this fee declaration in support of GPGC's motion for attorney's fees and expenses in connection with its petition to enforce an arbitral award and motion for default judgment thereon.

2.    I am the attorney principally responsible for this matter. I am a founding partner of MoloLamken. I graduated from Yale Law School in 2002, clerked for Judge Alex Kozinski on the Ninth Circuit and Justice Antonin Scalia on the United States Supreme Court, and am currently in my twenty-third year since graduating from law school. My principal area of practice is international litigation, including arbitral enforcement, sovereign representations, and other cross-border litigation. I am also currently appearing before Your Honor in *Archirodon Construction (Overseas) Co. Ltd. v. General Company for Ports of Iraq*, No. 22-cv-1571. A copy of my biography from our firm's website is attached as Exhibit A.

1

3. Sara Tofighbakhsh is the associate principally responsible for this case. Ms. Tofighbakhsh graduated from Columbia Law School in 2021, clerked for Judge Gerard Lynch on the Second Circuit and Judge Denise Cote on the Southern District of New York, and is currently in her fourth year since graduating from law school. A copy of Ms. Tofighbakhsh's biography from our firm's website is attached as Exhibit B.

4. Additional information about our firm and the attorneys working at our firm is available at our firm's website, www.mololamken.com.

5. Attached as Exhibit C is a copy of the Laffey Matrix, which I obtained from www.laffeymatrix.com/see.html. I understand that the Laffey Matrix is a fee schedule that courts often use to help determine reasonable hourly rates in the District of Columbia for attorney's fee awards.

6. GPGC engaged our firm to pursue this enforcement proceeding in the United States. Under the terms of our engagement letter, we have billed GPGC on a monthly basis at our standard hourly rates for 2023 regardless of whether the time was incurred in 2023 or 2024. Our 2024 standard rates are significantly higher than our 2023 rates, so most of our time in this case has been billed at rates below our then-applicable standard hourly rates. Under our engagement letter, we have also invoiced GPGC for certain incidental reimbursable expenses.

7. Attached as Exhibit D is a summary of our billings to GPGC in connection with the preparation, filing, and service of GPGC's petition to enforce the arbitral award, the notice of default, the motion for default judgment, and all supporting declarations and exhibits. Attached as Exhibit E is a compilation of our firm's invoices to GPGC that provide the support for those amounts. Attorney-client privileged material has been redacted from the task descriptions, and banking information has also been redacted. A few of the time entries listed on the invoices

relate in whole or in part to matters other than the petition to enforce the award, the notice of default, and the motion for default judgment. Those entries have been highlighted yellow and have been excluded in whole or in part from the billing summary in Exhibit D.

8. In my opinion, the amount of attorney time devoted to this case was reasonable and, in my experience, toward the low end for sovereign enforcement matters. Enforcing arbitral awards against foreign sovereigns involves a number of distinct challenges, including sovereign immunity under the Foreign Sovereign Immunities Act; defenses to enforcement under the New York Convention; the Foreign Sovereign Immunities Act's unique service of process requirements; and the Act's requirement that a petitioner prove up the merits of its claims even when the sovereign defaults. All those challenges substantially increase the time and effort required to prosecute a sovereign enforcement action compared to typical domestic litigation.

9. In addition, although this case was not particularly complex compared to other sovereign enforcement matters, it did raise some specific issues that increased the amount of work required. Those issues included the related court proceedings in London (such as they were) that we had to analyze with an eye to potential defenses to enforcement in the United States, as well as the series of Ghana's partial payments and receivership recoveries that we had to document through a party declaration and which increased the complexity of calculating the outstanding balance and prejudgment interest on the award.

10. As set forth in Exhibit D, GPGC seeks USD $146,714.50 in fees for 145.0 hours of attorney and legal assistant time, as well as USD $505.00 in expenses, for a total award of **USD $147,219.50**.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on August 20, 2024  
Washington, D.C.

                                                  Robert K. Kry