UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GPGC LIMITED,<br><br>Petitioner,<br><br>v.<br><br>THE GOVERNMENT OF THE REPUBLIC OF GHANA,<br><br>Respondent. | Civil Action No. 24-169 (JEB) |

## MEMORANDUM OPINION

This case arises out of a 2018 contractual dispute between Petitioner GPGC Limited and Respondent The Republic of Ghana.  As a prior Opinion details the full background of this suit, see ECF No. 17 (Mem. Op.) at 4, the Court need only briefly recount the facts relevant to the present Motion.  During an energy crisis in 2015, Ghana entered into an agreement with GPGC for the transportation, installation, and maintenance of two gas-turbine power plants in the country.  When that contract went south, the parties arbitrated the dispute in front of a three-person arbitration tribunal in the United Kingdom, which resulted in a final award concluding unanimously that Ghana had wrongfully repudiated the agreement.  In 2024, Petitioner filed this action to enforce the award minus some token payments Ghana had made. When the country failed to appear, GPGC sought default judgment, which the Court granted on August 6, 2024, and awarded $111,493,828.92 to Petitioner.  Id. at 14.  Now all that remains is Petitioner's Motion for Attorney Fees and Expenses, which the Court will grant for the most part.  See ECF No. 19 (Motion for Fees).

1

I.      **Legal Standard**

The governing law in the United States for international arbitration is found in the Federal Arbitration Act, see 9 U.S.C. §§ 1-16, and the 1958 Convention on the Recognition and Enforcement of Foreign Arbitral Awards (New York Convention).  See 9 U.S.C. §§ 201-108.

Neither the FAA nor the New York Convention, however, expressly or impliedly addresses whether courts may award attorney fees.  See Swiss Inst. of Bioinformatics v. Glob. Initiative on Sharing All Influenza Data, 49 F. Supp. 3d 92, 98 (D.D.C. 2014) (pointing this out). In U.S. courts "the prevailing litigant is ordinarily not entitled to collect a reasonable attorneys' fee from the loser." Alyeska Pipeline Service Co. v. Wilderness Society, 421 U. S. 240, 247 (1975).  There are two exceptions to this general rule.  First, it "may be overcome by, *inter alia*, an 'enforceable contract' allocating such fees." Travelers Cas. & Sur. Co. of Am. v. Pac. Gas & Elec. Co., 549 U.S. 443, 443 (2007) (quoting Fleischmann Distilling Corp. v. Maier Brewing Co., 386 U.S. 714, 717 (1967)).  Second, "it is well settled that the Court retains inherent power to assess attorneys' fees 'when a party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons.'" Concesionaria Dominicana de Autopistas y Carreteras, S.A. v. Dominican State, 926 F. Supp. 2d 1, 2 (D.D.C. 2013) (quoting Chambers v. NASCO, Inc., 501 U.S. 32, 45–46 (1991)).

If a party is entitled to fees, the court must then determine that the amount is fair and reasonable.  "The usual method of calculating reasonable attorney's fees is to multiply the hours reasonably expended in the litigation by a reasonable hourly fee, producing the 'lodestar' amount." Bd. of Trs. of Hotel & Rest. Emps. Local 25 v. JPR, Inc., 136 F.3d 794, 801 (D.C. Cir. 1998).  "The party seeking fees has the . . . burden of establishing the reasonableness of the fees requested" for "both the number of hours and the hourly rate." Elec. Privacy Info. Ctr. v. Dep't

of Homeland Sec., 218 F. Supp. 3d 27, 38, 47 (D.D.C. 2016).  Supporting documentation "must be of sufficient detail and probative value to enable the court to determine with a high degree of certainty that such hours were actually and reasonably expended."  Role Models Am., Inc. v. Brownlee, 353 F.3d 962, 970 (D.C. Cir. 2004) (citation omitted).

**II.      Analysis**

The Court first considers Petitioner's entitlement to fees; it then examines the amount sought.

   A.   Entitlement to Fees

The first issue is straightforward, as the two parties here have a contract that allows for the prevailing party to receive attorney fees.  See Mot. for Fees at 1–2.  Specifically, the agreement states that "[i]n the event of any legal proceedings between the Parties with regard to this Agreement, the prevailing party shall be entitled to receive from the non-prevailing party, and the non-prevailing party shall pay upon demand, all reasonable fees and expenses of counsel for the prevailing party."  ECF No. 1-11 (Emergency Purchase Agreement), ¶ 28(g).  This suit is exactly that — a legal proceeding between the parties concerning the agreement — and therefore falls within this provision.  Given the default judgment this Court entered, GPGC is the prevailing party.  It is thus entitled to fees.

Even if the parties' contract did not so provide, the Court would find that it is within its authority to grant fees.  It is well supported that a court can award fees if it determines that a party has acted in bad faith.  Swiss Inst. of Bioinformatics, 49 F. Supp. 3d at 98; Concesionaria Dominicana, 926 F. Supp. 2d at 3.  More specifically, courts have determined that unjustifiably refusing to abide by an arbitral award or not participating in confirmation proceedings constitutes such bad faith and warrants the granting of fees.  Swiss Inst. of Bioinformatics, 49 F. Supp. 3d at

98; Concesionaria Dominicana, 926 F. Supp. 2d at 3 (granting attorney fees based on party's inaction in confirmation proceedings of international arbitral award); Leon Trading SA v. M.Y. Shipping Private Ltd., 2010 WL 2772407, at *4 (S.D.N.Y 2010) (granting petitioner's request for attorney fees in arbitration case where "[r]espondents failed to submit opposition papers to the Petition").  Here, Respondent has not participated in the litigation at any point after being served.  Although Ghana has made some payments, the Court found it to be totally unresponsive and willfully defaulting in these proceedings.  Id. at 4–5.  This is thus an additional basis for the award of fees.

      B.  Reasonableness of Fees

The Court must also determine the appropriate amount of fees.  Petitioner seeks $147,219.50 for 145 hours of attorney and legal-assistant time, as well as $505 in reimbursable expenses.  See Mot. for Fees at 5.  To determine what constitutes "reasonable attorney fees," the Court first multiplies the hours reasonably spent on the case by a reasonable hourly fee.  See Covington v. District of Columbia, 57 F.3d 1101, 1107 (D.C. Cir. 1995) (citations omitted).  To substantiate its hours, Petitioner provides the law firm MoloLamken's billing history and invoices with itemized time entries for GPGC.  See Mot. for Fees, Exhs. D–E.  The Court finds this documentation sufficient to establish that the hours worked are reasonable and fair.

For its rates, Petitioner provides the Laffey Matrix, a schedule of hourly fees based on the number of years an attorney has practiced, which is commonly employed by courts in this district.  See Citizens for Responsibility & Ethics in Wash. v. U.S. Dep't of Justice, 142 F. Supp. 3d 1, 16 (D.D.C. 2015).  GPGC also provides the biographies for Robert Kry and Sara Tofighbakhsh, the primary partner and associate on the case.  See Mot. for Fees, Exhs. A–B.  Petitioner acknowledges, however, that its requested hourly rates do not comply with the Laffey

4

Matrix. See Mot. for Fees at 6. It argues that because this case involved complicated matters, the increase in rates is justified. Specifically, it contends that the departure is reasonable because of the high-quality representation and the complex subject matter — i.e., sovereign-enforcement litigation. Id. at 6–7. There are many complicated federal cases, however, and the Court does not find this to be a compelling argument for a deviation from the Laffey Matrix. See Ashraf-Hassan v. Embassy of France in the U.S., 189 F. Supp. 3d 48 (D.D.C. 2016) (using Laffey Matrix in complicated employment case). As a result, the chart below provides an updated hourly rate based on the Laffey Matrix and uses that to determine the appropriate fee. Information for the employees of MomoLamken that was not provided by Petitioner was found on its website. See ECF 19-1 (Robert Kry Decl.), ¶ 4.

| Name | Title | Years of Experience | Laffey Matrix Rate | Hours Billed | Fees |
|---|---|---|---|---|---|
| Robert Kry | Partner | 22 | $1,120 | 89.5 | $100,240 |
| Lucas Walker | Partner | 15 | $930 | 1.4 | $1,302 |
| Lauren Dayton | Partner | 8 | $823 | 4.1 | $3,374.3 |
| Sara Tofighbakhsh | Associate | 3 | $463 | 29.9 | $13,843.7 |
| Jackson Myers | Associate | 4 | $570 | 1.1 | $627 |
| Legal Assistants | N/A | N/A | $253 | 19 | $4,807 |
| Reimbursable Fees | | | | | $550 |
| **TOTAL** | | | | | **$124,744** |

In sum, Petitioner sought a total of $146,714.50 in fees and costs, and it will receive $124,744.

### III.     Conclusion

The Court will accordingly grant in part and deny in part Petitioner's Motion for Fees.  A separate Order so stating will issue this day.

*James E. Boasberg*
JAMES E. BOASBERG
Chief Judge

Date: September 23, 2024